UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE #1,<br><br>          Plaintiff,<br><br>     v.<br><br>TONY ORMONDE, et al.,<br><br>          Defendants. | Case No.  1:26-cv-02751-KES-EPG<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM<br><br>(ECF No. 2) |

### I.     INTRODUCTION

Plaintiff Jane Doe #1 is a state prisoner proceeding with counsel in this civil rights lawsuit bringing claims concerning alleged sexual abuse she suffered from a correctional sergeant at her prison, Central California Women's Facility (CCWF). (ECF No. 1).

Now before the Court is Plaintiff's motion for leave to proceed under a pseudonym "based on Plaintiff's desire to maintain her privacy and remain anonymous in the public filings of this case" and "her reasonable fear that disclosure of her identity in the public filings poses a risk of retaliation against her as she remains incarcerated in a prison environment where retaliation commonly occurs against prisoners who report staff for sexual abuse." (ECF No. 2, p. 2). The motion is supported by a declaration from Plaintiff's counsel. (*Id.* at 5).

For the reasons explained below, the Court will grant Plaintiff's motion.

### II.     MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM

"[M]any federal courts, including the Ninth Circuit, have permitted parties to proceed

1

anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). The Ninth Circuit allows "parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* at 1067–68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). When pseudonymity would have limited effect in concealing the information to be protected, the interest of open judicial proceedings "outweighs the low value of pseudonymity." *United States v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008); *see Advanced Textile Corp.*, 214 F.3d at 1068 ("[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."). Whether to permit a party to proceed anonymously is within the Court's discretion. *Advanced Textile Corp.*, 214 F.3d at 1068.

> [Where] pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice. Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities.

*Id.* at 1068–69 (internal citations omitted).

With these standards in mind, Plaintiff's motion states that "her claims of sexual abuse include highly personal and graphic details about sexual acts she was forced to perform on her abuser that she understandably seeks to keep private." (ECF No. 2, p. 3). Further, "[t]here is no prejudice to Defendants by allowing Plaintiff to proceed with a pseudonym because her identity was previously disclosed to the prison by way of grievance" and she "seeks anonymity in the public filings only and her identity will be known to Defendants through the course of this litigation." (*Id.*).

Turning to retaliation, Plaintiff states, "CCWF prisoners reasonably fear retaliation when they report staff sexual misconduct including false disciplinary charges, threats of criminal charges, solitary confinement . . ., involuntary transfers to the other women's prison in Southern California,

2

excessive cell or body searches, denial of visiting, or denial of access to the courts and to counsel." (*Id.*). Further, "[b]ased on Plaintiff's status as a prisoner incarcerated at a prison that has documented incidents of retaliation against prisoners who report staff sexual misconduct, the factors for retaliatory harm weigh strongly in her favor." (*Id.*).

Upon consideration, the Court concludes that Plaintiff's need to proceed anonymously, at this stage, outweighs the public's interest in knowing her identity. First, "information about sexual abuse" is the type that can "typically justif[y] the use of pseudonyms." *Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1054 (N.D. Cal. 2020). Second, Plaintiff's allegations of being vulnerable to retaliation, *e.g.*, threats of placement in solitary confinement, are sufficiently severe and reasonable based on the supporting declaration of Plaintiff's attorney, which states that counsel has "more than 13 years of experience litigating cases on behalf of female prisoners incarcerated at [CCWF]," and that prisoners there "will typically face retaliation in some form or another" for reporting prison staff for sexual misconduct. (ECF No. 2, p. 5). Lastly, the Court agrees that there appears to be no prejudice to Defendants, who will be permitted to know Plaintiff's identity throughout the litigation.

**III.   ORDER**

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's motion for leave to proceed under a pseudonym is granted. (ECF No. 2).[1]

IT IS SO ORDERED.

Dated:   **April 16, 2026**         /s/ *Erica P. Grosjean*
                        UNITED STATES MAGISTRATE JUDGE

---

[1] This ruling is subject to reconsideration when Defendants appear in this action, and they may submit an appropriate filing challenging the Court's grant of permission for Plaintiff to proceed under a pseudonym.